UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,      Case No. 11-cr-20564

vs.      HON. MARK A. GOLDSMITH

D-7 GEOFFREY LAMAR HIGHTOWER,

    Defendant.
_____/

### ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF HIS TERM OF SUPERVISED RELEASE (Dkt. 855)

Before the Court is Defendant Geoffrey Hightower's motion for early termination of his term of supervised release under 18 U.S.C. § 3583(e) (Dkt. 855).[1] For the reasons that follow, the Court denies Hightower's motion.

Hightower was sentenced to 120 months' custody and 5 years' supervised release after pleading guilty to conspiracy to distribute and to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). See Judgment (Dkt. 393). Hightower has four other felony convictions, including drug trafficking crimes and felony assault to do great bodily harm. See Resp. at 1–2 (citing Presentence Report at ¶¶ 39–42, 78). He has now been on supervised release for approximately one and a half years—less than half of his assigned term.

A court may modify or terminate a term of supervised release upon consideration of the

---

[1] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2). In addition to the motion, the briefing includes the Government's response (Dkt. 860).

factors identified in 18 U.S.C. § 3553(a). 18 U.S.C. § 3583(e).[2] These factors counsel in favor of maintaining Hightower's current conditions of supervised release. The nature and circumstances of Hightower's drug distribution offenses support a denial of Hightower's request, as "[t]he circulation of addictive drugs such as cocaine presents a grave danger to the community's health and wellbeing." United States v. Catchings, No. 12-20372, 2021 WL 3417912, at *4 (E.D. Mich. Aug. 5, 2021) (finding that cocaine-related offenses weighed against granting defendant's release under § 3553(a)). Hightower's prior assault conviction also weighs in favor of continued supervision to protect the public. See, e.g., United States v. Kimble, No. CR 15-20445, 2021 WL 3660846, at *2 (E.D. Mich. Aug. 18, 2021) (considering defendant's history of assault in denying request for release under § 3553(a)).

The Court commends Hightower on his reported sobriety, employment, community involvement, and compliance with court orders and supervision conditions. See Mot. at 1–3. Continued supervised release will provide encouragement to Hightower to continue on this track and also provide monitoring should he be tempted to stray. Hightower may file another motion to terminate his term of supervised release in one year, which will be evaluated based on all pertinent factors and information at that time.

At this time, however, the Court denies Hightower's motion (Dkt. 855).

---

[2] These factors are: (i) "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); (ii) "the need for the sentence imposed" to "afford adequate deterrence to criminal conduct," "protect the public from further crimes of the defendant," and "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," id. § 3553(a)(2)(B)–(D); (iii) "the kinds of sentence and the sentencing range established for" the applicable category of offense and any applicable guidelines or policy statements, id. § 3553(a)(4); (iv) "any pertinent policy statement" issued by the Sentencing Commission, id. § 3553(a)(5); (v) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," id. § 3553(a)(6); and (vi) "the need to provide restitution to any victims of the offense," id. § 3553(a)(7).

SO ORDERED.

Dated: July 6, 2022                               s/Mark A. Goldsmith
      Detroit, Michigan                          MARK A. GOLDSMITH
                                                                                        United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 6, 2022.

                                                                                         s/LaShawn Saulsberry
                                                                                         Case Manager